JUDSON *vs.* JONES.

Where a defendant is returned *in custodia* upon bailable process, and the plaintiff does not *declare* before the end of the term next after such process was returnable, the defendant may apply to this court, *on motion*, for his discharge from imprisonment, and for judgment of discontinuance.

It is no answer to such motion, that previous to the day for showing cause, but subsequent to the end of the second term, the plaintiff served a declaration.

A commissioner or judge at chambers has no power to grant a discharge in such cases ; the application must be made to the court.

THE defendant was arrested upon a bailable capias, return- <span>Sept. 4.</span> able in *May term,* and committed to actual custody, for the want of bail.  The plaintiff did not *declare* before the end of

the *July term,* which closed on the *second* day of *August,* and the defendant thereupon obtained an order from a circuit judge for the plaintiff to show cause before him, why the defendant should not be discharged from imprisonment and have judgment of discontinuance. The plaintiff showed for cause, that on the *sixth* day of *August* a declaration was served on the attorneys of the defendant. The circuit judge was of opinion that the service of a declaration *after* the end of the term succeeding that in which the process was returnable was no answer to the application of the defendant for a discharge; but doubting his power to grant a discharge in such a case, he recommended an application to this court, which was accordingly made, and resisted on the above facts.

*By the Court,* SAVAGE, Ch. J. By the revised statutes, 2 R. S. 350, § 22, 23, when the sheriff shall return a defendant *in custody,* for want of bail upon bailable process, the plaintiff shall declare against such defendant before the end of the term next after such process was returnable, and serve the declaration in the manner therein directed; then follows this clause: "If such declaration be not served as herein proscribed, the defendant shall be discharged from his imprisonment, and shall be entitled to judgment of discontinuance against the plaintiff." This clause is not contained in any previous statute. The revised laws of 1813 and the previous statutes direct, that when such a defendant shall be returned in custody, the plaintiff shall declare before the end of the next term, after the return of the process; but are silent as to ulterior proceedings. Those proceedings were of course regulated by the practice of the court. Heretofore that practice has been to proceed by *supersedeas.* By the practice of the king's bench, if the declaration be not delivered to a prisoner in due time, the defendant may be discharged by supersedeas, upon filing common bail, or entering a common appearance. 2 Archb. 119. Tidd, 324. The practice of this court was the same. Dunlap's Pr. 828. By the revised laws, 1 R. L. 353, § 12, if a plaintiff having a judgment against the defendant in custody either on process or by surrender, did not charge such defendant in execution within three months after judgment

obtained, the defendant might be discharged out of custody by a supersedeas, to be allowed by one of the judges. Under similar statutes this court has determined that an execution might be issued after the three months, and after notice of application for a supersedeas, and that the issuing of such execution might be shown for cause against the application ; Coleman's Cases, 42 ; 3 Johns. R. 446 ; and it is contended that those cases are analogous to the present motion. No case has been cited where an application was made for a supersedeas for not serving a declaration in due time, but I can see no reason why the same practice should not be adopted under the same statute. But there is a marked difference between the revised statutes and all previous statutes on the same subject. The former statutes said that the declaration should be served within a certain time, and there left the matter ; the revised statutes say, if the declaration be not served within the time prescribed, the defendant shall be discharged, and be entitled to judgment of discontinuance. This is directory to the courts ; it is positive ; there is no ambiguity ; the matter is not left to the ordinary practice of the court. The legislature have said what shall be done ; and the courts must carry into execution the mandates of the legislature.

There can be no doubt of the propriety of the present mode of proceeding. The opinion expressed by Judge Edwards, that the discharge in such cases is not chamber business, seems to be correct. The former statutes provided for a discharge by supersedeas, to be allowed by a judge ; if the present statutes contain any such provision, no reference has been made to it ; nor have I been able to find it.

Motion granted, with costs.