Thomas v. Curtis.

THOMAS vs. CURTIS.

Where a defendant in *actual custody* upon a *capias ad respondendum*, employs an attorney to defend the action, service of the declaration upon the *attorney* is good service. and it is necessary that a copy should be delivered to the defendant in person, or to the sheriff or keeper of the jail.

Nor is the defendant entitled to be discharged from imprisonment, if the declaration in such case be delivered to the attorney *absolutely*.

THE defendant was arrested previous to the last *July* term on a *capias* on which bail was required, and committed to prison for the want of bail. He employed an attorney to defend the action, who gave notice of retainer to the plaintiff's attorney. In *October* term the defendant's attorney was served with a copy of the declaration, but no copy was delivered to the defendant in person, or to the sheriff or keeper of the jail and on that ground,

*J. Williams*, now moved that the defendant be discharged from his imprisonment, and for judgment of discontinuance. He cited 2 *R. S.* 350, § 22, 23. He also insisted that by delivering the declaration absolutely, instead of endorsing it *de bene esse*, the plaintiff had waived bail.

*H. H. Martin*, contra.

*By the Court*, BRONSON, J. Service upon the attorney was, in legal effect, service upon the defendant. In *Judson* v. *Jones*, 12 *Wendell*, 209, the declaration was not delivered *to any one*, until after the defendant was entitled to his discharge. In *Gronehouse* v. *Cleaver*, 11 *Wendell*, 357, and 1 *Str.* 476, the prisoner

had no attorney. In *Dent* v. *Hallifax*, 1 *Taunt*. 493, the attorney was only employed for the purpose of putting in bail, and when the declaration was served on him, he immediately returned it to the plaintiff's attorney, and pointed out to him the necessity of delivering it to the prisoner. But here, the attorney wss employed generally, to defend the suit, and service upon him was sufficient.

When the defendant in a bailable action is at large, the plaintiff is not obliged to declare until after an appearance has been perfected, and if in the mean time he delivers a declaration *unconditionally*, it is a waiver of bail. But here, the plaintiff was obliged to declare " before the end of the term next after the process was returnable." 2 *R. S.* 350, § 23. And besides, there was nothing to be waived. The defendant was in actual custody, which was an appearance for all the purposes of the action. Although the defendant might put in and justify bail for the purpose of obtaining his discharge, the plaintiff could not call on him to do so. Having no right to demand bail, the delivery of a declaration unconditionally could be no waiver of bail.

Motion denied.